Eastern District of Kentucky
F I L E D
JUL 09 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

TERRY P. ROBARDS,                    )
                                     )
        Petitioner,                  )          Civil No. 0: 19-61-HRW
                                     )
v.                                   )
                                     )
JASON STREEVAL, Warden,              )          **MEMORANDUM OPINION**
                                     )          **AND ORDER**
        Respondent.                  )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Federal inmate Terry Robards has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 to challenge the enhancement of his federal

sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

[D. E. No. 1] This matter is before the Court for preliminary review pursuant to 28

U.S.C. § 2243.[1] The Court will deny the petition on both jurisdictional and

substantive grounds.

---

[1] *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A
petition will be denied "if it plainly appears from the petition and any attached exhibits that
the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the
United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The
Court evaluates the petition under a more lenient standard because Robards is not
represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*,
765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition,
though vague and conclusory, are entitled to a liberal construction" including "active
interpretation" toward encompassing "any allegation stating federal relief" (citations and
internal quotation marks omitted)).

In February 2013 Robards was indicted in Louisville, Kentucky for being a convicted felon in possession of nearly a dozen firearms in violation of 18 U.S.C. § 922(g)(1). The indictment noted that if convicted Robards was subject to enhanced penalties under the ACCA in light of numerous prior convictions. Robards later pleaded guilty to the firearms offense.

A Presentence Investigation Report ("PSR") concluded that Robards was subject to a 15-year mandatory minimum sentence because three or more of his prior Kentucky convictions were for violent felonies or serious drug offenses. These included, at least, two 1999 convictions for first degree trafficking in a controlled substance; convictions in 2001 for second degree assault, first degree unlawful imprisonment, and intimidation of a witness; and a 2011 conviction for manufacturing methamphetamine. Robards did not object to the enhancement of his sentence, and in January 2015 the trial court imposed the mandatory minimum sentence of 180 months imprisonment. *United States v. Robards*, No. 3:13-CR-28-CRS-CHL-1 (W.D. Ky. 2013). Robards did not file an appeal.

In May 2016, Robards filed a motion under 28 U.S.C. § 2255 seeking relief from his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The government noted that notwithstanding *Johnson's* invalidation of the ACCA's residual clause, Robards' assault conviction qualified as a violent felony under the elements clause, § 924(e)(2)(B)(i), and that

2

his one conviction for manufacturing and two convictions for trafficking in methamphetamine each qualified as serious drug offenses under § 924(e)(2)(A)(ii).

In March 2018, a magistrate judge issued a report and recommendation agreeing with each of the government's arguments. In doing so the magistrate noted that, even assuming Robards' two convictions for trafficking in methamphetamine were first time offenses, under Kentucky law in effect in 1999 when the state sentences were imposed these crimes constituted Class C felonies. See Ky. Rev. Stat. § 218A.1412(2)(A) (1998) ("Any person who [trafficks in a controlled substance in the first degree] shall: (a) For the first offense be guilty of a Class C felony."). The Kentucky Penal Code in effect in 1999 provided that Class C felonies were punishable by up to ten years imprisonment. Ky. Rev. Stat. § 532.060(2)(c) (1998) ("The authorized maximum terms of imprisonment for felonies are: (c) For a Class C felony, not less than five (5) years nor more than ten (10) years..."). Both of Robards' drug trafficking convictions thus satisfied § 924(e)(2)(A)(ii)'s requirement that the punishment for the prior conviction be at least ten years. The magistrate judge also concluded that Robards' conviction for manufacturing methamphetamine constituted a serious drug offense. Because Robards had ample qualifying offenses, the magistrate judge recommended denial of his § 2255 motion as meritless. Although Robards sought and obtained additional time to file objections, he never did so. The trial court adopted the magistrate judge's recommendations and denied

3

Robards' § 2255 motion in July 2018. Robards did not seek reconsideration, request a certificate of appealability, or file an appeal.

Instead, nearly a year later, Robards filed his § 2241 petition in this Court contending that his prior drug convictions do not qualify as ACCA predicates because "there is no indication in the record that petitioner was ever exposed to the Kentucky recidivist enhancement that would have brought the maximum state court conviction penalty up to the ACCA-triggering minimum of 10 years."[2] Robards alleges that he was sentenced to only five years imprisonment for his two Kentucky drug trafficking convictions, but that the federal trial court deemed him subject to ten years imprisonment based upon a hypothetical defendant "with the worst possible criminal history." Robards argues that this approach runs afoul of the Fourth Circuit's decision in *United States v. Newbold*, 791 F. 3d 455 (4th Cir. 2015). [D. E. No. 1 at 4-8]

As a threshold matter, Robards' claim may not be pursued in a § 2241 petition. The near-exclusive means to challenge a federal conviction or sentence is to file a motion in the court of conviction pursuant to 28 U.S.C. § 2255, not to file a § 2241 petition in a remote district. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.

---

[2]     Robard appears to also argue that his assault conviction did not carry a potential sentence of ten years. [D. E. No. 1 at 5] While a serious drug offense must be punishable by ten years or more, 18 U.S.C. § 924(e)(2)(A)(ii), violent felonies need only be punishable by imprisonment for more than one year, 18 U.S.C. § 924(e)(2)(B).

2003). In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit described a very narrow exception to this overarching rule: a prisoner may challenge a federal sentence in a § 2241 petition only if (1) his sentence was imposed under a mandatory Sentencing Guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) he was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after his sentence became final, the Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 595, 599-600.

The Court assumes that an ACCA mandatory minimum sentence of 180 months can "present[] an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." See *Hill*, 836 F.3d at 595. But Robards does not properly invoke a subsequent and retroactive decision of the United States Supreme Court as a basis for relief as required to proceed under § 2241. *Newbold*, a decision from the Fourth Circuit, is not a proper basis to invoke § 2241. *Hill*, 836 F. 3d at 599-600. More fundamentally, Robards' argument is not actually based upon *Newbold*, a decision involving North Carolina's – not Kentucky's – penal laws. Robard's actual argument – that a federal court must determine the maximum state sentence a defendant faced based upon actual facts applicable to that defendant

5

rather than hypothetical scenarios – is based upon *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), not *Newbold*. But *Carachuri–Rosendo* was decided in 2010, years before Robards was sentenced, and thus he was required to assert any claim of error under it at sentencing, on direct appeal, or in an initial motion under § 2255. Having failed to do so, Robards may not now invoke § 2241 because he failed to previously seek or obtain relief at trial or under § 2255. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Even if Robards could proceed under § 2241, his claim is without merit. His Kentucky conviction for second-degree assault is a violent felony under the elements clause. See *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015). And he concedes that his conviction for manufacturing methamphetamine is plainly a serious drug offense. He argues that his two drug trafficking convictions do not qualify as predicates because he did not face "... a maximum term of imprisonment of ten years or more ..." unless a recidivist enhancement were applied under Kentucky law. But this argument is refuted by the statutes themselves. In 1999, a **first** offense for first degree drug trafficking was a Class C felony. Ky. Rev. Stat. § 218A.1412(2)(A) (1998). And a Class C felony was punishable by up to ten years imprisonment. Ky. Rev. Stat. § 532.060(2)(c) (1998). Thus Robards' two 1999 Kentucky convictions for first degree drug trafficking constituted serious drug offenses. When combined with either or both of his prior convictions for second

6

degree assault and methamphetamine manufacturing, Robards possessed the three predicate offenses necessary to apply ACCA's enhancement, and the trial court acted properly in doing so.

Accordingly, it is **ORDERED** as follows:

1.  Terry Robards' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 4th day of July, 2019.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge